UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

THE OUTSOURCING
PARTNERSHIP, LLC,
d/b/a ACCUME PARTNERS,                          :

      Plaintiff,                                :

                                      CIVIL ACTION NO.

v.                                              :

                                        1:06-CV-0508-MHS

ROBERT VINSON,                                  :

      Defendant.                                :

## ORDER

This action is before the Court on defendant's motion to dismiss Count III of the complaint.  For the following reasons, the Court grants the motion.

Background[1]

Plaintiff The Outsourcing Partnership, LLC, d/b/a Accume Partners (Accume) provides internal auditing and risk management services to banks, insurance companies, brokerage firms, and other commercial enterprises. On or about March 1, 2004, defendant Robert Vinson began working for Accume

---

[1] The following facts are based on the allegations of the complaint, which the Court assumes to be true in addressing defendant's motion to dismiss.

AO 72A
(Rev.8/82)

as an independent contractor/consultant in the Atlanta office.  On March 23, 2004, Accume and Vinson entered into a written employment agreement under which Vinson became a Manager in the Commercial Group effective April 1, 2004.

In September 2004, Accume promoted Vinson to Director in the Commercial Group and gave him a substantial raise.  As a condition of this promotion, Vinson orally agreed that he would not solicit Accume clients for a period of one year if he left the company.  This non-solicitation provision was included in a written employment agreement dated September 14, 2004, but Vinson never signed the agreement.

In May 2005, Accume offered Vinson another promotion, this time to Managing Director in charge of the Commercial Group.  This promotion included another increase salary and was subject to the same non-solicitation condition.  Vinson accepted the promotion and orally agreed to the non-solicitation condition.

2

In December 2005, Accume learned from a potential investor that it could not verify that Vinson had graduated from Purdue University with a B.S. in Accounting, as Vinson had represented to Accume. When Accume was also unable to verify this claim, it questioned Vinson and he produced a purported diploma from Purdue, which turned out to be counterfeit.

Shortly after being confronted over his false educational claim, Vinson crafted a plan to solicit employees and clients of Accume for a new business venture and/or to sell his services and the ability to recruit additional professional staff of Accume to a competitor of Accume. Vinson recruited four senior level employees in the Atlanta office to leave Accume, and on February 15, 2006, they announced that they were resigning. Thereafter, Vinson has contacted Accume clients and solicited their business.

On March 3, 2006, Accume filed this action against Vinson asserting claims for breach of fiduciary duty (Count I), tortious interference with current or prospective business relations (Count II), breach of the non-solicitation agreement (Count III), and fraud (Count IV). Vinson has moved

3

to dismiss Count III of the complaint on the grounds that the non-solicitation agreement is unenforceable under Georgia's Statute of Frauds.

Discussion

Georgia's Statute of Frauds provides that to make certain "obligations binding on the promisor, the promise must be in writing and signed by the party to be charged therewith or some person lawfully authorized by him." O.C.G.A. § 13-5-30. Among the obligations subject to the statute is "[a]ny agreement that is not to be performed within one year from the making thereof." O.C.G.A. § 13-5-30(5).

Vinson argues that the non-solicitation agreement could not be performed within one year from its making because it would not become effective until a date after the making of the contract, i.e., the date of his termination, and then would run for one year from that date. Consequently, Vinson contends, even assuming the allegations of the complaint are true, the

4

claim for breach of the non-solicitation agreement is barred by the Statute of Frauds.[2]

In response, Accume admits that the non-solicitation agreement could not have been performed within one year of its making. However, Accume relies on a statutory exception to the Statute of Frauds where there has been part performance. Specifically, Georgia law provides that the Statute of Frauds does not apply "[w]here there has been performance on one side, accepted by the other in accordance with the contract," or "[w]here there has been such part performance of the contract as would render it a fraud of the party refusing to comply if the court did not compel a performance." O.C.G.A. § 13-5-31(2) and (3). Accume argues that Vinson partly performed under the oral employment agreements by accepting the promotions and actually working in the new positions, thus removing the agreements from the Statute of Frauds.

---

[2] Vinson also contends that the non-solicitation agreement is unenforceable as a matter of Georgia law because it is not limited in scope or territorial effect. This argument, however, is not properly before the Court because Vinson raised it for the first time in his reply brief.

5

The Court concludes that Vinson's actions in accepting the promotions and actually working in the new positions did not constitute such part performance as would remove the employment agreements from the Statute of Frauds. Georgia courts have consistently held that the "the part performance shown must be consistent with the presence of a contract and inconsistent with the lack of a contract." Hudson v. Venture Indus., 243 Ga. 116, 118 (1979). Mere entry into employment and performance of services for part of the term is not inconsistent with employment terminable at will without a contract; therefore, it is insufficient to remove the contract from the Statute of Frauds. Id.; see also Ford Clinic, Inc. v. Potter, 246 Ga. App. 320, 322 (2000); Morgan v. American Ins. Managers, Inc., 239 Ga. App. 635, 637 (1999).

As in the foregoing cases, Vinson's actions in accepting the promotions and actually working in the positions to which he was promoted were not sufficient to establish part performance and remove the agreement from the Statute of Frauds, because such actions were not inconsistent with employment terminable at will without a contract. Accordingly, since enforcement of the alleged non-solicitation agreement is barred by the

6

Statute of Frauds, Vinson is entitled to dismissal of Count III of the complaint.

Summary

For the foregoing reasons, the Court GRANTS defendant's motion to dismiss Count III of the complaint [#18].

IT IS SO ORDERED, this ___ day of August, 2006.

Marvin H. Shoob, Senior Judge
United States District Court
Northern District of Georgia

7

AO 72A
(Rev.8/82)